335 F.2d 63
 Ronnie R. TUTTLE, an infant under the age of twenty-one years, who sues by Lucille Taylor, his mother and next friend, Appellant,
v.
U. S. SLICING MACHINE COMPANY, a foreign corporation, Saunders Super Market, Inc., and The Proctor-Silex Corporation, a Connecticut corporation, Appellees.
 No. 9343.
 United States Court of Appeals Fourth Circuit.
 Argued April 30, 1964.
 Decided June 10, 1964.
 
 Edwin Jay Rafal and Roger T. Williams, Norfolk, Va. (F. T. Stant, Jr., and Parsons, Stant & Parsons, Norfolk, Va., on brief), for appellant.
 Harry E. McCoy, Norfolk, Va. (Seawell, McCoy, Winston & Dalton, Norfolk, Va., on brief), for appellee U. S. Slicing Machine Co.
 William L. Shapero and Harold P. Juren, Norfolk, Va. (Shapero & Shapero, Norfolk, Va., on brief), for appellee The Proctor-Silex Corporation.
 Allan S. Reynolds, Norfolk, Va. (White, Ryan & Reynolds, Norfolk, Va., on brief), for appellee Saunders Super Market, Inc.
 Before SOBELOFF, Chief Judge, and HAYNSWORTH and BRYAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Having lost his right forearm as he operated a commercial meat grinder in a Norfolk, Virginia, supermarket, Ronnie R. Tuttle, 17, now appeals from a summary judgment of the District Court denying him recovery from the manufacturer and vendor of the machine. The action charged negligence to the defendants on the premise that the device was inherently dangerous and no warning of the danger had been given by the maker and seller to those who foreseeably would use it.
 
 
 2
 In a comprehensive opinion the District Judge quite properly found there were no genuine fact issues and with his reasons concluded: that as produced and sold, it was not an inherently dangerous instrumentality, especially as it was without structural or functional defect and was fitted with a protective grill, held in place by screws, which guarded against thrust of the operator's hand into the meat intake; that the grill had been removed at the time Ronnie was hurt — more than four years after the machine had been acquired — as he pushed meat with his hand into the grinder; that a wooden pusher for this purpose had been furnished with the cutter, although it was not then in use; and that for a year Ronnie had been taking the grinder apart and reassembling it almost weekly, and on occasion had run it.
 
 
 3
 The District Judge invoked applicable and sound principles of law, and we think he was warranted in ordering summary judgment for the defendants.
 
 
 4
 Affirmed.